IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| VS.    NO. 4:06CR00072WRW | |
| JEFF BURSTEIN (01)<br>MAGDIEL CASTRO (02)<br>MARCOS CAVALCANTE (03)<br>WILLIAM F. CLINTON (04)<br>JEFFREY RICHMAN (05) | DEFENDANTS |

## ORDER

Defendants Jeff Burstein and William Clinton pled guilty to theft of trade secrets and Marcos Cavalcante pled guilty to computer fraud for their involvement with Mr. Scott Levine in using passwords to gain unauthorized access to several thousand files owned by Acxiom Corporation. Magdiel Castro and Jeff Richman pled guilty to obstruction of justice for assisting Mr. Levine with hiding Snipermail computers after the Prosecution began to investigate the case.

Each defendant was sentenced on February 24, 2006, and the only remaining issue is the amount of restitution. Defendants and the Prosecution have all submitted briefs on the issue.[1]

In an Order entered yesterday, Mr. Scott Levine was directed to pay restitution in the sum of $153,395.26 -- the total expenses incurred by Acxiom to put it in the place it would have been if Defendants had not entered and copied its files.

### I.    MR. CASTRO & MR. RICHMAN

Mr. Castro and Mr. Richman are charged with obstruction of justice for hiding several Snipermail computers under a stairwell. Restitution is authorized "only for the loss caused by the

---

[1] Doc. Nos. 49-55, 60.

1

specific conduct that is the basis of the offense of conviction."[2]  Since Mr. Castro and Mr. Richman were charged with and pled guilty only to hiding Snipermail computers, I can't find that their actions were directly attributable to the losses incurred by Acxiom.  Accordingly, Mr. Castro and Mr. Richman are not responsible for restitution.

## II.    MR. BURSTEIN, MR. CLINTON, and MR. CAVALCANTE

Mr. Bursetein, Mr. Clinton, and Mr. Cavalcante were all directly involved with Mr. Levine in accessing Acxiom files.  Under 18 U.S.C.A. § 3664(h):

> If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.[3]

The Sixth Circuit has held that when "considering restitution order for multiple co-conspirators, we can think of perhaps no 'other factor' that would be more appropriate than the relative culpability of the defendants."[4]

Under the facts of this case, I have found that Mr. Levine was the mastermind of the scheme and the most culpable of the defendants.  Accordingly, he should bear nearly all the burden of restitution.[5]  While the evidence at trial indicated that Mr. Burstein, Mr. Clinton, and Mr. Cavalcante played a roll in copying the Acxiom files, their actions were at the request of their

---

[2] *Hughey v. United States*, 495 U.S. 411, 413 (1990); *United States v. Reynolds*, 432 F.3d 821, 824 (8th Cir. 2005).

[3] 18 U.S.C.A. § 3664(h).

[4] *U.S. v. Anglian*, 784 F.2d 765, 768 (6th Cir. 1986).  Although *U.S. v. Anglian* considered restitution under the Victim and Witness Protection Act, the logic regarding apportionment remains the same.  The VWPA and the MVRA are similar in that neither dictate what factors should be considered when apportioning among multiple defendants.

[5] *See United States v. Hand*, 863 F.2d 1100, 1106 (3d Cir. 1988) (holding that placing the burden of restitution entirely on one defendant, although other defendants were culpable, was not an abuse of discretion).

boss, Mr. Levine.  Furthermore, Mr. Levine reaped most of the financial benefits that flowed from the actions of his employees.  While these other defendants are nowise "pure as the driven snow," they were following orders and gained little from their actions.

Finally, restitution under the MVRA is "designed to make victims whole, and not to punish perpetrators" and "is essentially a civil remedy created by Congress and incorporated into criminal proceeding for reason of economy and practicality."[6]  I find that Acxiom will be made whole following payments by Mr. Levine.

## CONCLUSION

Based on the findings of fact and conclusions of law above, restitution is ordered as follows: (1) Mr. Castro and Mr. Richman are not directed to pay restitution; (2) Mr. Burstein, Mr. Clinton, and Mr. Cavalcante are each ordered to pay restitution in the sum of $1.

IT IS SO ORDERED this 14th day of April 2006.

      /s/ Wm. R.Wilson,Jr.      
   UNITED STATES DISTRICT JUDGE

---

[6]*U.S. v. Carruth*, 418 F.3d 900, 904 (8th Cir. 2005).